UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON


CIVIL ACTION NO. 07-145-KSF

EVA CUMMINGS                                                                                    PLAINTIFF


vs.                                    **OPINION AND ORDER**


MOTEL 6 OPERATING L.P. and
ACCOR NORTH AMERICA, INC.                                                    DEFENDANTS

* * * * * * * *

This matter is before the Court on the motion of the defendants, Motel 6 Operating, L.P.and

Accor North America, Inc. (collectively, the "Defendants") for summary judgment [DE #10].  The

court, having reviewed the record and being otherwise sufficiently advised, will deny the motion for

summary judgment.

I.      **FACTUAL BACKGROUND**

The plaintiff, Eva Cummings, ("Plaintiff") was hired by Defendants at the Lexington,

Kentucky location of Motel 6 on May 29, 1998.  She worked in housekeeping and laundry before

transferring to the Georgetown, Kentucky location.   In August, 2002, she was moved into the

position of general manager.  In January, 2005, Plaintiff became aware that she was pregnant.  She

did not notify her manager, Terry Galloway, of her pregnancy until late February.  Two days after

she informed Ms. Galloway of her pregnancy, her employment was terminated.  Crystal Cummings,

another employee at the Georgetown, Kentucky Motel 6, testified in her deposition that on the day

of Plaintiff's termination she heard Ms. Galloway tell other Motel 6 employees that Plaintiff was

terminated because she would not have been able to do her job while pregnant.

Plaintiff brought this action against the Defendants alleging pregnancy discrimination in violation of "her rights."  Plaintiff alleges that Defendants engaged in sex discrimination when it terminated her employment because of her pregnancy.  The Defendants filed this motion for summary judgment claiming that Plaintiff cannot establish a prima facie case of pregnancy discrimination because she was unqualified to perform the job of general manager, there is no nexus between her pregnancy and the decision to terminate her employment and there is no direct evidence of discrimination.  In addition, Defendants argue that there were legitimate, nondiscriminatory reasons for its actions which were not pretextual.  Plaintiff responded to the motion for summary judgment and Defendants filed a timely reply.  This matter is now ripe for consideration.

## II.    LEGAL STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In reviewing a motion for summary judgment, "this Court must determine whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Patton v. Bearden*, 8 F.3d 343, 346 (6th Cir. 1993) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).  The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Once the moving party shows that there is an absence of evidence to support the nonmoving party's case, the nonmoving party must present "significant probative evidence" to demonstrate that

2

"there is [more than] some metaphysical doubt as to the material facts." *Moore v. Phillip Morris Companies, Inc.*, 8 F.3d 335, 340 (6th Cir. 1993). Conclusory allegations are not enough to allow a nonmoving party to withstand a motion for summary judgment. *Id.* at 343. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 252. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (citations omitted).

## III.   ANALYSIS

In support of their motion for summary judgment, Defendants argue that Plaintiff's claim of pregnancy discrimination fails because: (i) Plaintiff cannot establish a prima facie case of pregnancy discrimination; and (ii) Plaintiff was terminated for legitimate, nondiscriminatory reasons wholly unrelated to pregnancy and that such reasons are not pretextual.

Under Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act, discrimination because of or on the basis of pregnancy, childbirth or related medical conditions is defined as "sex discrimination" and is prohibited. Women who are affected by pregnancy, childbirth or related medical conditions are required to be treated the same, for all employment purposes, as other persons not so affected but who are similar in their ability or inability to work. 42 U.S.C. § 2000e(k). Under Title VII, a plaintiff may demonstrate discrimination by her employer in one of three ways: (i) proffering direct evidence of discrimination; (ii) presenting circumstantial evidence that permits an inference of discrimination; or (iii) showing that both legitimate and illegitimate reasons motivated the adverse employment decision. The latter category is sometimes referred to as a "mixed-motive" case. *Johnson v. Kroger Co.*, 319 F.3d 858, 864-65 (6th Cir. 2003). Plaintiff argues that her claim is premised on direct evidence of pregnancy-based discriminatory

3

animus or is, at a minimum, a "mixed motive" case and that she has presented sufficient evidence to avoid summary judgment.

## A.     Direct Evidence

Employment discrimination is established by direct evidence when the employee comes forth with "evidence [that] requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Jacklyn v. Schering-Plough Healthcare Products Sales Corp.*, 176 F.3d 921, 26 (6th Cir. 1999). The discrimination is proven without resort to inference: that the employee was a victim of discrimination appears plain on the face of the evidence. *See Rowan v. Lockheed Martin Energy System, Inc.* 360 F.3d 544, 548 (6th Cir. 2004). After the employee comes forward with direct evidence of discrimination, "the burden of both production and persuasion shifts to the employer to prove that it would have terminated the employee even if it had not been motivated by the impermissible discrimination." *Nguyen v. Cleveland*, 229 F.3d 559, 563 (6th Cir. 2000).

In federal employment discrimination actions, "remarks may serve as sufficient evidence of discrimination if offered comments are: (1) related to race, sex or other asserted statutory ground of discrimination; (2) proximate in time to adverse employment action; (3) made by individual with authority over employment decision at issue; and (4) related to employment decision at issue." *Arismendez v. Nightingale Home Health Care, Inc.*, 493 F.3d 602 (5th Cir. 2007).

Plaintiff's claim is based on Crystal Cummings' testimony that she overheard Ms. Galloway say that Plaintiff was terminated as a result of her pregnancy. Defendants argue that the remark, if it were actually made, is "stray" and "unrelated to the decisional process." Ms. Galloway's alleged statement is neither "stray" nor "unrelated" to the decisional process. It was made on the same day as the Plaintiff's termination, was made by the person that made the decision to terminate Plaintiff

4

and was about why the Plaintiff was terminated.  Defendants' argument about Ms. Cummings' testimony about Ms. Galloway's statement is more correctly defined as one of credibility.  While the Defendants list several reasons that Ms. Cummings' testimony may not be credible, those are issues for cross-examination and whether to believe Ms. Cummings is for the trier of fact to determine.  Ms. Galloway's alleged remark is evidence which, if believed, requires the conclusion that discrimination was at least a motivating factor in Defendants' decision to terminate Plaintiff.  Thus, it is sufficient direct evidence of unlawful discrimination to avoid summary judgment.

Even if Ms. Galloway's alleged statement regarding Plaintiff's termination were not regarded as direct evidence of discrimination, the Defendants would not be entitled to summary judgment under the *McDonnell Douglas* framework.  Plaintiff established a *prima facie* case of discrimination; Defendants countered with a legitimate, nondiscriminatory reason for terminating Plaintiff (*i.e.* her poor performance); Plaintiff responded with sufficient evidence of pretext to submit to a jury the issue of whether Defendants were motivated by a discriminatory purpose when they terminated Plaintiff.  This evidence includes Ms. Galloway's statement and the temporal proximity of the termination to Defendants' learning of Plaintiff's pregnancy.

## B.    Mixed-Motive

Defendants argue that they terminated Plaintiff for underperformance and would have done so regardless of her pregnancy.  As proof that she was terminated for underperformance and not her pregnancy, Defendants present Ms. Galloway's affidavit stating that the decision to terminate Plaintiff was made prior to learning that she was pregnant.  Plaintiff, however, has presented contradictory evidence, creating a triable issue of fact.

Plaintiff argues that even if Defendants' contentions about her underperformance are true, this case is at least a "mixed-motive" case where both legitimate and illegitimate reasons motivated

Defendants' decision to terminate her.  Such claims were first recognized by the Supreme Court in *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989) (plurality opinion) and were subsequently codified by Congress at 42 U.S.C. § 2000e-2(m), which provides that a plaintiff can assert a Title VII claim by "demonstrat[ing] that race, color, religion, sex or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice."  *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 711 (6th Cir. 2006).  The "ultimate question at summary judgment" is "whether the plaintiff has presented evidence, direct or circumstantial, from which a reasonable jury could logically infer that [a protected characteristic] was *a motivating factor* in [the defendant's adverse employment action against the plaintiff]."  *Wright*, 455 F.3d at 713 quoting *Harris v. Giant Eagle, Inc.*, 133 Fed. Appx. 288, 297 (6th Cir. 2005) (unpublished opinion).   As discussed above, Plaintiff has presented evidence of discrimination from which a reasonable jury could logically infer that her pregnancy was a motivating factor in Defendants' decision to terminate Plaintiff.

Title VII provides an affirmative defense for the employer in mixed-motive cases at 42 U.S.C. § 2000e-5(g)(2)(B) which limits the employer's liability to declaratory or injunctive relief and attorney fees and costs where the employer establishes that "it would have taken the same action in the absence of the impermissible, motivating factor." *Id.*.  To succeed on the affirmative defense provided in Section 2000e5(g)(2)(B), Defendants must show that they would have terminated Plaintiff even if they had not discriminated on the basis of her pregnancy.  Plaintiff's evidence of discrimination creates at least an issue of fact as to whether Defendants would have terminated Plaintiff even if pregnancy had not been a consideration.  Thus, Defendants' motion for summary judgment on the issue must be denied.

## IV.    CONCLUSION

Accordingly, the Court being otherwise fully and sufficiently advised, **HEREBY ORDERS**

that the Defendants' motion for summary judgment [DE #10] is **DENIED.**

This June 18, 2008.



**Signed By:**

**_Karl S. Forester_** K S F

**United States Senior Judge**